UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CESAR A. RODRIGUEZ,

Plaintiff,

v.

PETE LABAHN, et al.,

Defendants.

Case No. 19-cv-01273-YGR (PR)

**NOTICE REGARDING INABILITY TO SERVE DEFENDANT DEPUTY COMMISSIONER JAMES MARTIN**

This Order addresses issues regarding service in the above-captioned action. Service has been ineffective on Defendant Deputy Commissioner James Martin. In a letter dated December 13, 2019, Deputy Attorney General C. Hay-Mie Cho informed Clerk's Office staff as follows:

> This letter is to advise you that currently, the Attorney General's Office represents only Defendant Labahn in the above-referenced matter. We are informed that Mr. Martin "is no longer employed with the Board of Parole Hearings, and the Board does not have an address for him. As a result, Mr. Martin has not been served, and the Attorney General's Office is unable to complete the waiver of service on his behalf.

Dkt. 15 at 1.

As Plaintiff is proceeding *in forma pauperis*, he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994); *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990). While Plaintiff may rely on service by the United States Marshal, or in this case, the procedure for requesting a defendant to waive the service requirement, "a plaintiff may not remain silent and do nothing to effectuate such service." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). When advised of a problem accomplishing service, a *pro se* litigation must "attempt to remedy any apparent defects of which [he] has knowledge." *Id.* Pursuant to Federal Rule of Civil Procedure 4(m), if a complaint is not served within 90 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. Fed. R. Civ. P. 4(m) (providing that if service of the summons and complaint is not made upon a defendant in 90 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a

showing of "good cause"); *see also Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official).

No later than **twenty-eight (28) days** from the date of this Order, Plaintiff must provide the Court with a current address for Defendant Martin. Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the current address of this Defendant.

If Plaintiff fails to provide the Court with the current address of Defendant Martin within the twenty-eight-day deadline, all claims against this Defendant will be dismissed without prejudice under Rule 4(m).

IT IS SO ORDERED.

Dated: January 3, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge